# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **MARK SYME,** ) | |
|     Petitioner, ) | Civil Action No. 7:19cv00850 |
| ) | Civil Action No. 7:19cv00857 |
| v. ) | |
| ) | MEMORANDUM OPINION |
| **WARDEN, RED ONION STATE** ) | |
| **PRISON,** ) | By: Norman K. Moon |
|     Respondent. ) | Senior United States Magistrate Judge |

Mark Syme, a Virginia inmate proceeding *pro se*, filed two documents titled as petitions for a writ of habeas corpus, pursuant to 28 U. S. C. § 2254, and each one was docketed in one of the case numbers above. By order entered December 30, 2019 in both cases, the court notified Syme that his petitions would be conditionally filed. It advised Syme, however, that his petitions appeared to be untimely and that his claims might not have been properly exhausted. That order directed Syme to respond within 21 days with specific additional information. (Dkt. No. 3.)

Syme filed a response in both cases, but it did not cure the deficiencies identified by the court. In particular, it did not provide any of the information requested by the court, which included questions designed to determine whether he had properly exhausted any of his claims and whether his petitions were timely. It also failed to provide, as requested, "any additional argument or evidence petitioner desires to present concerning the timeliness of the petition under § 2244(d)."

The court therefore entered another order in each case directing Syme to provide the requested information. In that order, Syme was advised that his "**FAILURE TO PROVIDE THE INFORMATION SET FORTH IN THIS PARAGRAPH MAY RESULT IN DISMISSAL OF THE PETITION.**" Despite this warning, Syme still has not filed any response with the court in either case, and the time for doing so has now passed.

Despite the fact that his petitions lack much of the information relevant to timeliness, state court records reflect convictions for Mark Adam Syme that roughly correspond to the

convictions it appears that he is challenging in these two cases. Specifically, on July 7, 2016, after pleading guilty to both offenses, Syme was sentenced in the Frederick County Circuit Court for armed breaking and entering with intent to murder in case number CR 15000695-00, and for first-degree murder in Case Number CR 15000596-00. He received a forty-year sentence on each conviction, and Frederick County Circuit Court records show that he did not file a subsequent habeas decision in that court challenging those convictions. Significantly, moreover, neither the Court of Appeals of Virginia nor the Supreme Court of Virginia has any records related to his name. Thus, it appears that Syme neither appealed from his convictions nor sought habeas relief in any state court.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies when a person in custody pursuant to the judgment of a state court files a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A)–(D); R. Gov. § 2254 Cases 3(c).

This statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Syme was sentenced on July 7, 2016. Under § 2244(d)(1)(A), Syme's conviction became final, and the statute of limitations began to run, on August 6, 2016, when his thirty-day period to file an appeal to the Court of Appeals of Virginia expired. *See* Va. S. Ct. R. 5A:6 (providing that a defendant has thirty day after entry of judgment to note an appeal). Therefore, Syme had until August 6, 2017, to file a timely federal habeas petition. He did not file any state petition or federal petition on or before that time. Instead, he filed the two petitions in this court on November 17, 2019 (for 7:18-cv-850), and November 16, 2019 (for 7:18-cv-857), using the dates he certifies he placed them in the prison mailing system. Accordingly, if calculated under § 2244(d)(1)(A), his petitions are not timely. Syme alleges nothing to support application of § 2244(d)(1)(B)–(D).

Syme's petition is therefore time barred unless he demonstrates that he is entitled to equitable tolling, *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003), or that he is actually innocent of his conviction, *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Syme appears to assert a conclusory claim of "actual innocence" in repeatedly stating that he "did not kill" James Westfall or "this dude," presumably referring to the person he was convicted of murdering. To the extent that statement can be construed as asserting a claim of actual innocence, however, it is insufficient to overcome the limitations bar to his habeas claims.

To make an actual innocence claim, a petitioner must produce new, reliable evidence sufficient to persuade the court that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. *McQuiggin*, 569 U.S. at 386 (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "Habeas corpus petitions that advance a substantial claim of actual innocence are extremely rare." *Schlup*, 513 U.S. at 321. The standard for showing actual innocence is thus a demanding one, and the delay in the filing of the petition "is a factor bearing on the 'reliability of

3

the evidence' purporting to show actual innocence." *McQuiggin*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 332). A showing of actual innocence to allow one to pass through the *Schlup* gateway and avoid the procedural default and statutes of limitations bars to review, must be a showing of "factual innocence," not legal innocence or evidentiary insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1013 (11th Cir. 2012).

Syme fails to come close to satisfying the demanding standard for an actual innocence gateway claim. First of all, even construing his petitions liberally, he does not appear to be relying on any "new evidence." Syme's petitions are very sparse in their statement of grounds and otherwise. But he states that there was "no blood on thermal" and "no fingerprints on knife," and he denies that he committed the offenses to which he pled guilty and for which is was sentenced. Nowhere, however, does he assert that any of the referenced "evidence" was new. Nor does he allege or explain how any of this evidence means he is actually innocent. Thus, I conclude that he has failed to set forth a gateway actual innocence claim.

Construed liberally, Syme also may be asking for equitable tolling in his petitions. For example, he states that he "did not [know] then what [he knows] now," that he "didn't have the answers or knowledge" that he now has, and that he "did not know what was going on." Those vague assertions, however, do not provide a basis for equitable tolling. Equitable tolling is proper only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse*, 339 F.3d at 246 (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control prevented him from complying with the

4

statutory time limit," despite his exercise of "reasonable diligence in investigating and bringing the claims." *Harris*, 209 F.3d at 330. An inmate asserting equitable tolling "bears a strong burden to show specific facts" demonstrating that he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).

Neither Syme's lack of knowledge about the law nor his *pro se* status is a basis for equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (denying equitable tolling and explaining that a *pro se* petitioner's "misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control"). Most significantly, he has not alleged, let alone shown, that any action by the Commonwealth or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit. *See Harris*, 209 F.3d at 330.

For the foregoing reasons, I conclude that both of Syme's petitions are time-barred and must be dismissed.

An appropriate order will be entered.

**ENTER**: This  4th day of March, 2020.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE